IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

**FRANTZY CERISIER,**

    Plaintiff,

vs.                                                                            20-CV-_____

**GOODMAN NETWORKS INCORPORATED,**
a Texas Corporation,

    Defendant.                                                    **JURY TRIAL DEMANDED.**

## COMPLAINT AND JURY DEMAND

### COUNT I

NOW COMES the Plaintiff, FRANTZY CERISIER, hereinafter "Plaintiff," by and through his attorneys, WINTERS, BREWSTER, CROSBY AND SCHAFER LLC, and for his Complaint against the Defendant, GOODMAN NETWORKS INCORPORATED, hereinafter "Defendant," states as follows:

1. At all times mentioned herein, Defendant was and is a Texas corporation doing business in the State of Illinois.

2. At all times relevant herein, Plaintiff was and is a resident of Ullin, Pulaski County, Illinois.

3. Plaintiff was employed by Defendant as technician working throughout the Southern Illinois region, including Williamson County, Illinois.

4. At all relevant times herein, Defendant qualified as a "covered employer" under the Family Medical Leave Act, in that it engaged in commerce and employed more than 50 employees for at least 20 workweeks in the years mentioned herein.

5. Plaintiff is an "eligible employee" in that as aforementioned, he worked for Defendant.

       He became employed by Defendant as a technician in or around 2014. He worked over 12 months through his termination on October 12, 2019, and worked over 1,250 hours per year of employment.

6. On or around September 18, 2019, Plaintiff was diagnosed with carpal tunnel and tendinitis, requiring treatment by a healthcare provider.

7. Plaintiff noticed the onset of symptoms during the course and scope of his employment and the last place of employment at the time said symptoms manifested was located within Williamson County, Illinois.

8. Plaintiff reported to a hand specialist and nurse case manager at the request of Defendant's workers compensation carrier, and the carpal tunnel and tendinitis diagnosis was confirmed.

9. Plaintiff was advised by his supervisor that the general manager was going to attempt to fire Plaintiff.

10. Plaintiff had never been written up for attendance and/or job performance.

11. Plaintiff was instructed to apply for FMLA and did apply for FMLA on October 11, 2019.

12. On October 12, 2019, Plaintiff was notified via email that he was terminated by Defendant.

13. Plaintiff's termination was unlawful pursuant to the Family and Medical Leave Act, 29 U.S.C.A. §2615.

14. Defendants' actions in terminating Plaintiff were discriminatory and in retaliation of him availing himself of his protected medical leave rights under the FMLA.

15. Defendants' actions in terminating Plaintiff were willful and wanton and with reckless disregard for Plaintiff's rights.

16. As a result of his discharge Plaintiff lost wages and other benefits associated with his employment.

17. After his discharge, Plaintiff immediately began a job search, but has not been able to find employment

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

A. Statutory damages for back pay in the form of lost wages, benefits and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C.A. §2617 (a)(1)(A).

B. Additional liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C.A. §2617(a)(1)(A).

C. Equitable relief in the form of frontpay or reinstatement, if the Court deems appropriate, pursuant to 29 U.S.C.A. §2617(a)(1)(B).

D. Attorney's fees, expert witness fees, and costs of this action, pursuant to 29 U.S.C.A. §2617(a)(3), and such other relief as this Court may deem just and proper.

**JURY TRIAL DEMANDED.**

WINTERS, BREWSTER, CROSBY and SCHAFER LLC

BY:   s/Jay Schafer
       Paul J. Schafer
       Attorneys for Plaintiff
       ARDC No. 6226013

**COUNT II**

NOW COMES the Plaintiff, FRANTZY CERISIER, hereinafter "Plaintiff," by and through his attorneys, WINTERS, BREWSTER, CROSBY AND SCHAFER LLC, and for his

3

Complaint against the Defendant, GOODMAN NETWORKS INCORPORATED, hereinafter "Defendant," states as follows:

1. At all times mentioned herein, Defendant was and is a Texas corporation doing business in the State of Illinois.

2. At all times relevant herein, Plaintiff was and is a resident of Ullin, Pulaski County, Illinois.

3. Plaintiff was employed by Defendant as technician working throughout the Southern Illinois region, including Williamson County, Illinois.

4. On or around September 18, 2019, Plaintiff was diagnosed with carpal tunnel and tendinitis, requiring treatment by a healthcare provider.

5. Plaintiff noticed the onset of symptoms during the course and scope of his employment and the last place of employment at the time said symptoms manifested was located within Williamson County, Illinois.

6. Plaintiff reported to a hand specialist and nurse case manager at the request of Defendant's workers compensation carrier, and the carpal tunnel and tendinitis diagnosis was confirmed.

7. The workers compensation carrier for Defendant denied the claim.

8. Plaintiff was advised by his supervisor that the general manager was going to attempt to fire Plaintiff.

9. Plaintiff took time off due to his work related injury, sought medical care for his work related injuries, and otherwise exercised his rights under the Illinois Worker's Compensation Act.

10. On October 12, 2019 Plaintiff was terminated by Defendant.

11. Plaintiff's dismissal by Defendant was in retaliation for the exercise of his rights under the Illinois Worker's Compensation Act 820 ILCS 305/1 et seq and said discharge is contrary to

the public policy of the State of Illinois.

12. Plaintiff has been damaged by the retaliatory dismissal by Defendant in that he has lost wages, incurred expenses and costs in seeking alternative employment, lost pension rights and fringe benefits associated with his employment, and suffered embarrassment and emotional distress.

13. Defendant's action in retaliating against Plaintiff was willful, intentional and malicious, and Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff, FRANTZY CERISIER, prays that this Court enter judgment against Defendant, GOODMAN NETWORKS, INCORPORATED, for a reasonable sum for compensatory damages, punitive damages, and costs of suit.

**JURY TRIAL DEMANDED.**

WINTERS, BREWSTER, CROSBY and SCHAFER LLC

BY:   s/Jay Schafer
      Paul J. Schafer
      Attorneys for Plaintiff
      ARDC No. 6226013

WINTERS, BREWSTER, CROSBY and SCHAFER LLC
Attorneys at Law
111 West Main, P.O. Box 700
Marion, IL 62959
Phone: (618)997-5611
Fax: (618)997-6522
Email: jschafer@winterslaw.com